UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| LUC A. DESPINS, Chapter 11 Trustee,<br><br>        Plaintiff,<br>v.<br><br>AMAZON.COM, INC., HING CHI NGOK, ALEX HADJICHARALAMBOUS, BERNARDO ENRIQUEZ, CHUNGUANG HAN and MEI GUO,<br><br>        Defendants. | Adv. Pro. No. 24-05057 (JAM)<br><br>**JURY TRIAL DEMANDED**<br><br>May 6, 2024 |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT MEI GUO TO PLAINTIFF'S COMPLAINT**

Defendant Mei Guo ("Defendant"), by her undersigned attorneys, as and for her Answer to the Complaint filed in the within adversary proceeding (the "Complaint"), states:

**AS TO THE NATURE OF ACTION**

1. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 and therefore denies the same.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

2. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 and therefore denies the same.

3. The allegations set forth in paragraph 3 that the alleged transfers were "actually fraudulent" or "constructively fraudulent" constitutes legal conclusions to which no response is required. To the extent that a response is deemed required, these allegations are denied. As to the remaining allegations, Defendant lacks knowledge and information sufficient to form a belief as to their truth and therefore denies the same.

4. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 and therefore denies the same.

5. The allegations set forth in paragraph 5 constitute legal conclusions to which no response is required. To the extent that a response is deemed required, these allegations are denied.

## AS TO JURISDICTION AND VENUE

6. The allegations set forth in paragraph 6 constitute legal conclusions to which no response is required. To the extent a response is deemed required, these allegations are denied; the Court lacks constitutional authority to enter one or more final judgments in this matter, based on, among other things, the doctrine set forth in *Stern v. Marshal,* 564 U.S. 462 (2011), and Defendant reserves her right to seek an order from the District Court withdrawing the reference.

7. Admitted.

8. The allegations set forth in paragraph 8 constitute legal conclusions to which no response is required. To the extent that a response is deemed required, these allegations are denied.

## AS TO THE PARTIES

9. Admitted.

10. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 and therefore denies the same.

11. Admitted.

12. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 and therefore denies the same.

13. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 and therefore denies the same.

14. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 and therefore denies the same.

15. Admitted.

## AS TO FACTS

**A.**     **Chapter 11 Case**

16. Admitted.

17. Admitted.

18. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 18 and therefore denies the same. Defendant denies the allegations contained in the second sentence of paragraph 18.

19. Admitted.

**B.**     **Debtor's Use of Shell Companies and Trustee's Adversary Proceedings**

20. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 and therefore denies the same.

21. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 and therefore denies the same.

22. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 and therefore denies the same.

**C.     Debtor's Conduct to Hinder, Delay, and/or Defraud Creditors**

23.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 and therefore denies the same.

24.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 and therefore denies the same.

25.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 and therefore denies the same.

26.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 and therefore denies the same.

27.     Defendant denies the Debtor's use of G Fashion, G Club Operations LLC, HCHK Technologies Inc., Lexington Property and Staffing Inc., Greenwich Land, LLC, and Golden Spring (New York) Ltd. as alleged in paragraph 27.  As to remaining allegations, Defendant lacks knowledge and information sufficient to form a belief as to their truth and therefore denies the same.

28.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 and therefore denies the same.

29.     Defendant admits the allegation contained in paragraph 29 that "[i]n March 2023, the Debtor was arrested and remains confined pending his trial on federal criminal charges," and lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 29 and therefore denies the same.

30.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 and therefore denies the same.

31.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 and therefore denies the same.

32. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 and therefore denies the same.

**D.      Debtor's Shell Game and Fraud Continues Postpetition**

33. The allegation contained in paragraph 33 that the property alleged therein "became property of the chapter 11 estate" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, this allegation is denied. As to remaining allegations, Defendant lacks knowledge and information sufficient to form a belief as to their truth and therefore denies the same.

34. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 and therefore denies the same.

35. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 and therefore denies the same.

**E.      Transfers Made with Intent to Hinder, Delay, or Defraud Creditors**

36. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 and therefore denies the same.

37. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 and therefore denies the same.

38. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 and therefore denies the same.

39. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 and therefore denies the same.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

**F.**     **Transfers to Amazon**

44. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 and therefore denies the same.

45. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 and therefore denies the same.

46. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 and therefore denies the same.

47. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 and therefore denies the same.

## AS TO FIRST CLAIM

48. Defendant repeats and realleges its responses to the allegations contained in the prior paragraphs of the Complaint and make same a part hereof as if set forth at length herein.

49. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 and therefore denies the same.

50. Defendant denies that she aided "the Debtor's 'shell game.'" As to the remaining allegations, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 and therefore denies the same.

51. The allegations set forth in paragraph 51 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the same.

## AS TO SECOND CLAIM

52. Defendant repeats and realleges its responses to the allegations contained in the prior paragraphs of the Complaint and make same a part hereof as if set forth at length herein.

53. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 and therefore denies the same.

54. Defendant denies that she aided "the Debtor's 'shell game.'" As to the remaining allegations, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 and therefore denies the same.

55. The allegations set forth in paragraph 55 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the same.

## AS TO THIRD CLAIM

56. Defendant repeats and realleges its responses to the allegations contained in the prior paragraphs of the Complaint and make same a part hereof as if set forth at length herein.

57. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 and therefore denies the same.

58. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 and therefore denies the same.

59. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 and therefore denies the same.

60. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 and therefore denies the same.

61. The allegations set forth in paragraph 61 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the same.

## AS TO FOURTH CLAIM

62. Defendant repeats and realleges its responses to the allegations contained in the prior paragraphs of the Complaint and make same a part hereof as if set forth at length herein.

63.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 and therefore denies the same.

64.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 and therefore denies the same.

65.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 and therefore denies the same.

66.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 and therefore denies the same.

67.     The allegations set forth in paragraph 67 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

## AS TO FIFTH CLAIM

68.     Defendant repeats and realleges its responses to the allegations contained in the prior paragraphs of the Complaint and make same a part hereof as if set forth at length herein.

69.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 and therefore denies the same.

70.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 and therefore denies the same.

71.     Defendant lacks knowledge and information as to the allegations set forth in paragraph 71 and therefore denies the same.

72.     The allegations set forth in paragraph 72 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the same.

73.     The allegations set forth in paragraph 73 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the same.

74. The allegations set forth in paragraph 74 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the same.

## AS TO SIXTH CLAIM

75. Defendant repeats and realleges its responses to the allegations contained in the prior paragraphs of the Complaint and make same a part hereof as if set forth at length herein.

76. The allegations set forth in paragraph 76 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the same.

77. The allegations set forth in paragraph 77 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the same.

78. The allegations set forth in paragraph 78 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the same.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint is barred, in whole and/or in part, because the Trustee fails to state a claim upon which relief can be granted against Defendant.

### Second Affirmative Defense

The Complaint is barred, in whole and/or in part, based on the doctrines of laches, estoppel and/or waiver.

### Third Affirmative Defense

The Complaint is barred, in whole and/or in part, by the doctrine of *in pari delicto* and/or the *Wagoner* rule.

### Fourth Affirmative Defense

The Complaint is barred, in whole and/or in part for failure to join necessary parties.

**Fifth Affirmative Defense**

This Court lacks constitutional authority to enter one or more final judgments in this matter, based on, among other things, the doctrine set forth in *Stern v. Marshal*, 564 U.S. 462 (2011).

**Sixth Affirmative Defense**

The Complaint is barred in whole and/or in part, because Plaintiff lacks standing and/or capacity to seek, and the Court lacks jurisdiction to grant, relief sought by Plaintiff against Defendant in this Adversary Proceeding.

**RESERVATION OF RIGHTS**

Defendant expressly reserves the right to amend and/or supplement its Answer and Affirmative Defenses, and all other pleadings filed by them in this Adversary Proceeding. Defendant further reserves the right to assert all other defenses that may be revealed over the course of discovery or other investigation.

**WHEREFORE**, Defendant respectfully requests judgment as follows:

(a) Dismissing the Trustee's Complaint, in its entirety, with prejudice; and

(b) Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant demands trial by jury in this action of all issues so triable in the United States District Court.

**STATEMENT PURSUANT TO FED. R. BANKR. P. 7008**

Defendant does not consent to entry of final orders or judgment by the Bankruptcy Court and respectfully demand trial by jury in the District Court. Defendant expressly reserves its right to have final orders entered only after *de novo* review by a District Court Judge, to trial by jury in any proceeding so triable in this case or any case, controversy or proceeding, and to have the

District Court withdraw the reference in any matter subject to mandatory and/or discretionary withdrawal.

Dated: May 6, 2024
    Roseland, New Jersey

*/s/ Lee Vartan*
Lee Vartan (admitted *pro hac vice*)
lvartan@csglaw.com
**CHIESA SHAHINIAN & GIANTOMASI PC**
105 Eisenhower Parkway
Roseland, NJ 07068
Telephone: (973) 325-1500 – Main
              (973) 530-2107 – Direct
Facsimile: (973) 325-1501
*Attorneys for Defendant Mei Guo*

*/s/ Stephen M. Kindseth*
Stephen M. Kindseth (CT-14640)
Aaron A. Romney (CT-28144)
James Moriarty (CT-21876)
**ZEISLER & ZEISLER, P.C.**
10 Middle Street, 15th Floor
Bridgeport, CT 06604
Telephone: (203) 368-4234
aromney@zeislaw.com
*Attorneys for Defendant Mei Guo*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 6, 2024, a copy of foregoing Answer and Affirmative Defenses was filed electronically with the Bankruptcy Court. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: May 6, 2024  
      Roseland, New Jersey

/s/ Lee Vartan  
Lee Vartan (admitted *pro hac vice*)  
lvartan@csglaw.com  
**CHIESA SHAHINIAN & GIANTOMASI PC**  
105 Eisenhower Parkway  
Roseland, NJ 07068  
Telephone: (973) 325-1500 – Main  
                (973) 530-2107 – Direct  
Facsimile: (973) 325-1501  
*Attorneys for Defendant Mei Guo*

/s/ Stephen M. Kindseth  
Stephen M. Kindseth (CT-14640)  
Aaron A. Romney (CT-28144)  
James Moriarty (CT-21876)  
**ZEISLER & ZEISLER, P.C.**  
10 Middle Street, 15th Floor  
Bridgeport, CT 06604  
Telephone: (203) 368-4234  
aromney@zeislaw.com  
*Attorneys for Defendant Mei Guo*