**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------- x
In re:                                                                   :    Chapter 11
                                                                              :
HO WAN KWOK, *et al*.,                                :    Case No. 22-50073 (JAM)
                                                                              :
                              Debtors.                            :
                                                                              :
                                                                              :
------------------------------------- x
                                                                              :
LUC A. DESPINS, CHAPTER 11 TRUSTEE, :    Adv. Proceeding No. 24-05057
                                                                              :
                              Plaintiff,                          :
v.                                                                          :
                                                                              :
AMAZON.COM, INC., HING CHI             :
NGOK, ALEX                                                   :    **JURY TRIAL DEMANDED**
HADJICHARALAMBOUS,                               :
BERNARDO ENRIQUEZ,                                :
CHUNGUANG HAN, AND                               :
MEI GUO,                                                           :    May 6, 2024
                                                                              :
                              Defendants.                  :
------------------------------------- x

**DEFENDANT HING CHI NGOK'S ANSWER AND AFFIRMATIVE
DEFENSES TO THE CHAPTER 11 TRUSTEE'S ADVERSARY COMPLAINT
SEEKING AVOIDANCE AND RECOVERY OF FRAUDULENT
<u>TRANSFERS AND POST-PETITION TRANSFERS</u>**

Defendant Hing Chi Ngok ("Defendant"), by her undersigned counsel, Meister Seelig & Fein PLLC, for her answer and affirmative defenses to the Adversary Complaint (ECF 1) filed by the Chapter 11 Trustee (the "Trustee" or "Plaintiff") on February 10, 2024 ("Complaint"), responds as follows:

1

**NATURE OF ACTION**

1. To the extent any response is required to paragraph 1 of the Complaint, which does not plead a fact but rather states Plaintiff's intention, Defendant denies each and every allegation contained in paragraph 1 of the Complaint.

2. Defendant denies each and every allegation contained in paragraph 2 of the Complaint.

3. Defendant denies each and every allegation contained in paragraph 3 of the Complaint.

4. Defendant denies each and every allegation contained in paragraph 4 of the Complaint.

5. Defendant denies each and every allegation contained in paragraph 5 of the Complaint.

**JURISDICTION AND VENUE**

6. Paragraph 6 of the Complaint states a legal conclusion for which no response is required. Defendant further reserves her right to seek withdrawal of the reference and hereby demand a trial by jury before the United States District Court, including pursuant to *Stern v. Marshall*, 131 S. Ct. 2594 (2011).

7. Paragraph 7 of the Complaint states a legal conclusion for which no response is required. Defendant further reserves her right to seek withdrawal of the reference and hereby demand a trial by jury before the United States District Court, including pursuant to *Stern v. Marshall*, 131 S. Ct. 2594 (2011).

8. Paragraph 8 of the Complaint states a legal conclusion for which no response is required. To the extent any response is ever deemed required, Defendant denies each and every allegation contained in paragraph 8 of the Complaint.

## THE PARTIES

9. Defendant admits the allegation contained in paragraph 9 of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11. Defendant admits the allegation contained in paragraph 11 of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint.

## FACTS

16. Defendant admits the allegation contained in paragraph 16 of the Complaint.

17. Defendant admits the allegation contained in paragraph 17 of the Complaint.

18. Defendant denies knowledge or information sufficient to respond to the allegations contained in paragraph 18 of the Complaint, none of which are factual allegations concerning Defendant. To the extent Plaintiff purports to base this paragraph on one or more court filings, those filings speak for themselves and Plaintiff has not pleaded them accurately or completely.

19. Defendant denies knowledge or information sufficient to respond to the allegations contained in paragraph 19 of the Complaint, none of which are factual allegations concerning Defendant. To the extent Plaintiff purports to base this paragraph on one or more court orders, those orders speak for themselves and Plaintiff has not pleaded them accurately or completely.

20. Defendant denies each and every allegation contained in paragraph 20 of the Complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint, excepts admits that Defendant has been sued in a separate adversary proceeding in which the Trustee alleges that Greenwich Land, LLC is an alter ego of Debtor Ho Wan Kwok and in other avoidance actions. Defendant denies that the Trustee is entitled to relief or has viable claims in this or those other adversary proceedings. Moreover, Defendant denies that the Trustee can rely on other court orders in any case against Defendant.

22. Defendant denies knowledge or information sufficient to respond to the allegations contained in paragraph 22 of the Complaint, excepts admits that Defendant has been sued in a separate adversary proceeding in which the Trustee alleges that Greenwich Land, LLC is an alter ego of Debtor Ho Wan Kwok and in other avoidance actions. Defendant denies that the Trustee is entitled to relief or has viable claims in the other adversary proceedings. To the extent this allegation is meant to apply to any case in which Defendant or Greenwich Land is a defendant, Defendant denies each and every allegation contained in paragraph 22 of the Complaint.

23. Defendant denies knowledge or information sufficient to respond to the allegations contained in paragraph 23 of the Complaint, none of which are factual allegations concerning Defendant. To the extent Plaintiff purports to base this paragraph on one or more court orders,

4

those orders speak for themselves and Plaintiff has not pleaded them accurately or completely. Defendant denies that the Trustee is entitled to relief or has viable claims against Defendant in other adversary proceedings. Moreover, Defendant denies that the Trustee can rely on court orders in other cases in any case against Defendant.

24.     Defendant denies knowledge or information sufficient to respond to the allegations contained in paragraph 24 of the Complaint, none of which are factual allegations concerning Defendant. To the extent Plaintiff purports to base this paragraph on one or more court orders, those orders speak for themselves and Plaintiff has not pleaded them accurately or completely. Defendant denies that the Trustee is entitled to relief or has viable claims against Defendant in other adversary proceedings. Moreover, Defendant denies that the Trustee can rely on other court orders in other cases against Defendant.

25.     Defendant denies knowledge or information sufficient to respond to the allegations contained in paragraph 25 of the Complaint, none of which are factual allegations concerning Defendant. To the extent Plaintiff purports to base this paragraph on one or more court orders, those orders speak for themselves and Plaintiff has not pleaded them accurately or completely. Moreover, Defendant denies that the Trustee can rely on other court orders in other cases against Defendant.

26.     Defendant denies knowledge or information sufficient to respond to the allegations contained in paragraph 26 of the Complaint, none of which are factual allegations concerning Defendant. To the extent Plaintiff purports to base this paragraph on one or more court orders, those orders speak for themselves and Plaintiff has not pleaded them accurately or completely. Moreover, Defendant denies that the Trustee can rely on other court orders in other cases against Defendant.

27. Defendant denies each and every allegation contained in paragraph 27 of the Complaint.

28. Defendant denies knowledge or information sufficient to respond to the allegations contained in paragraph 28 of the Complaint. Moreover, Defendant denies that any such testimony would be applicable in this action.

29. Defendant denies knowledge or information sufficient to respond to the allegations contained in paragraph 29 of the Complaint, except Defendant admits that Debtor Ho Wan Kwok was arrested in March 2023 and is awaiting trial.

30. Defendant denies knowledge or information sufficient to respond to the allegations contained in paragraph 30 of the Complaint. Defendant further states that the allegations in the indictment speak for themselves, and Plaintiff has not pleaded them accurately or completely. Moreover, Defendant denies that the Trustee can rely on allegations in an indictment in a separate case against Defendant.

31. Defendant denies each and every allegation contained in paragraph 31 of the Complaint.

32. Defendant denies knowledge or information sufficient to respond to the allegations contained in paragraph 32 of the Complaint, except denies that Debtor directed purported transfers to Defendant.

33. Defendant denies each and every allegation contained in paragraph 33 of the Complaint.

34. Defendant denies each and every allegation contained in paragraph 34 of the Complaint.

35. Defendant denies each and every allegation contained in paragraph 35 of the Complaint.

36. Defendant denies each and every allegation contained in paragraph 36 of the Complaint.

37. Defendant denies each and every allegation contained in paragraph 37 of the Complaint.

38. Defendant denies knowledge or information sufficient to respond to the allegations contained in paragraph 38 of the Complaint, except Defendant admits that Debtor Ho Wan Kwok was arrested in March 2023 and is awaiting trial. Moreover, Defendant denies that the Trustee can rely on allegations in an indictment in a separate case against Defendant.

39. Defendant denies each and every allegation contained in paragraph 39 of the Complaint.

40. Defendant denies each and every allegation contained in paragraph 40 of the Complaint.

41. Defendant denies each and every allegation contained in paragraph 41 of the Complaint.

42. Defendant denies each and every allegation contained in paragraph 42 of the Complaint.

43. Defendant denies each and every allegation contained in paragraph 43 of the Complaint.

44. Defendant denies each and every allegation contained in paragraph 44 of the Complaint.

45. Defendant denies each and every allegation contained in paragraph 45 of the Complaint.

46. Defendant denies knowledge or information sufficient to respond to the allegations contained in paragraph 46 of the Complaint, none of which are factual allegations concerning Defendant.

47. Defendant denies each and every allegation contained in paragraph 47 of the Complaint.

## FIRST CLAIM

**(Claim Against Amazon to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code Sections 548(a)(1)(A) and 550(a))**

48. Defendant repeats and realleges her responses to paragraphs 1 through 47 above as if fully set forth and restated herein.

49. Defendant denies each and every allegation contained in paragraph 49 of the Complaint.

50. Defendant denies each and every allegation contained in paragraph 50 of the Complaint.

51. Defendant denies each and every allegation contained in paragraph 51 of the Complaint.

## SECOND CLAIM

**(Claim Against Amazon to Avoid and Recover Actual Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law Section 273, 274, and 276 and Bankruptcy Code Sections 544(b) and 550(a))**

52. Defendant repeats and realleges her responses to paragraphs 1 through 47 above as if fully set forth and restated herein.

53. Defendant denies each and every allegation contained in paragraph 53 of the Complaint.

54. Defendant denies each and every allegation contained in paragraph 54 of the Complaint.

55. Defendant denies each and every allegation contained in paragraph 55 of the Complaint.

## THIRD CLAIM

**(Claim Against Amazon to Avoid and Recover Constructive Fraudulent Transfers Pursuant to Bankruptcy Code Sections 548(a)(1)(B) and 550(a))**

56. Defendant repeats and realleges her responses to paragraphs 1 through 47 above as if fully set forth and restated herein.

57. Defendant denies each and every allegation contained in paragraph 57 of the Complaint.

58. Defendant denies each and every allegation contained in paragraph 58 of the Complaint.

59. Defendant denies each and every allegation contained in paragraph 59 of the Complaint.

60. Defendant denies each and every allegation contained in paragraph 60 of the Complaint.

61. Defendant denies each and every allegation contained in paragraph 61 of the Complaint.

## FOURTH CLAIM

**(Claim Against Amazon to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law Sections 273(a)(2), 274, and 276 and Bankruptcy Code Sections 544(b) & 550(a))**

62. Defendant repeats and realleges her responses to paragraphs 1 through 42 above as if fully set forth and restated herein.

63. Defendant denies each and every allegation contained in paragraph 63 of the Complaint.

64. Defendant denies each and every allegation contained in paragraph 64 of the Complaint.

65. Defendant denies each and every allegation contained in paragraph 65 of the Complaint.

66. Defendant denies each and every allegation contained in paragraph 66 of the Complaint.

67. Defendant denies each and every allegation contained in paragraph 67 of the Complaint.

## FIFTH CLAIM

**(Claim Against Amazon to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code Sections 549 and 550(a))**

68. Defendant repeats and realleges her responses to paragraphs 1 through 47 above as if fully set forth and restated herein.

69. Defendant denies each and every allegation contained in paragraph 69 of the Complaint.

70. Defendant denies each and every allegation contained in paragraph 70 of the Complaint.

71. Defendant denies each and every allegation contained in paragraph 71 of the Complaint.

72. Defendant denies each and every allegation contained in paragraph 72 of the Complaint.

73. Defendant denies each and every allegation contained in paragraph 73 of the Complaint.

74. Defendant denies each and every allegation contained in paragraph 74 of the Complaint.

## SIXTH CLAIM

**(Claim Against Beneficiary Defendants to Recover Transfers for the Benefit of the Beneficiary Defendants Pursuant to Bankruptcy Code section 550(a))**

75. Defendant repeats and realleges her responses to paragraphs 1 through 42 above as if fully set forth and restated herein.

76. Defendant denies each and every allegation contained in paragraph 76 of the Complaint.

77. Defendant denies each and every allegation contained in paragraph 77 of the Complaint.

78. Defendant denies each and every allegation contained in paragraph 78 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies each and every allegation and request for relief contained in the Prayer for Relief. Defendant maintains that Plaintiff is not entitled to any relief, and the District Court should reject Plaintiff's claims for relief in their entirety.

## AFFIRMATIVE DEFENSES

In identifying the defenses set forth below, Defendant does not relieve Plaintiff of proving under the appropriate standard of proof all elements of the claims that Plaintiff alleges. Defendant does not undertake any burdens that properly rest upon Plaintiff, and do not suggest either that Plaintiff does not bear the burden of proof as to such matters or that such matters are not elements that Plaintiff must establish in order to make out a prima facie case against Defendant. These defenses are set forth cumulatively and in the alternative.

### First Affirmative Defense

The Complaint is barred, in whole and/or in part, because Plaintiff fails to state a claim against Defendant upon which relief can be granted.

### Second Affirmative Defense

The Complaint is barred in whole and/or in part, because Plaintiff lacks standing and/or capacity to bring any claims against Defendants.

**Third Affirmative Defense**

The Complaint is barred, in whole and/or in part, based on the doctrines of estoppel and/or waiver.

**Fourth Affirmative Defense**

The Complaint is barred, in whole and/or in part, by the doctrine of *in pari delicto* and/or the *Wagoner* rule because, among other things, the acts of Plaintiff's predecessors, agents and representatives (including Debtor) are imputed to Plaintiff.

**Fifth Affirmative Defense**

The Complaint is barred in whole and/or in part, because Plaintiff lacks standing and/or capacity to seek, and the Court lacks jurisdiction to grant, relief sought by Plaintiff against Defendant in this Adversary Proceeding.

**Sixth Affirmative Defense**

The Complaint is barred in whole and/or in part, because the relief sought by Plaintiff is not appropriate and Plaintiff has failed to name indispensable or otherwise necessary parties.

**Seventh Affirmative Defense**

The Complaint is barred in whole and/or in part, because Plaintiff's claims are time-barred under the applicable statutes of limitations and/or statutes of repose.

**Eighth Affirmative Defense**

The Complaint is barred in whole and/or in part, by the doctrine of laches.

**Ninth Affirmative Defense**

The Complaint is barred in whole and/or in part, by the prior pending action doctrine.

### Tenth Affirmative Defense

The Complaint is barred in whole and/or in part, by New York Debtor and Creditor Law Section 277.

### Eleventh Affirmative Defense

The Complaint is barred in whole and/or in part, by New York Debtor and Creditor Law Section 278.

### Twelfth Affirmative Defense

The Complaint is barred in whole and/or in part, by 11 U.S.C. § 546.

### Thirteenth Affirmative Defense

The Complaint is barred in whole and/or in part, by 11 U.S.C. § 550(b).

### Fourteenth Affirmative Defense

The Complaint is barred in whole and/or in part, by 11 U.S.C. § 550(d).

### RESERVATION OF RIGHTS

Defendant expressly reserves the right to amend and/or supplement this Answer and Affirmative Defenses, and all other pleadings. Defendant reserves the right to assert all other defenses that may be revealed during the course of discovery or other investigation.

### CONCLUSION

**WHEREFORE**, Defendant respectfully requests judgment as follows:

(a) Dismissing Plaintiff's Complaint, in its entirety, with prejudice; and

(b) Such other and further relief in Defendant's favor as the District Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant hereby demands trial by jury in this action of all issues so triable in the United States District Court.

**DEFENDANT DOES NOT CONSENT TO
THE REFERENCE TO THE BANKRUPTCY COURT**

Defendant does not consent to trial before the Bankruptcy Court, and demands a trial by jury in the District Court. Pursuant to Federal Rule of Bankruptcy Procedure 7008, Defendant does not consent to entry of final orders or judgment by the District Court. Defendant expressly reserves her right to have final orders entered only after *de novo* review by a District Court Judge, to trial by jury in any proceeding so triable in this case or any case, controversy or proceeding, and to have the District Court withdraw the reference in any matter subject to mandatory and/or discretionary withdrawal.

Dated: May 6, 2024
Norwalk, Connecticut

**MEISTER SEELIG & FEIN PLLC**

By: */s/ Christopher J. Major*
Christopher J. Major, Esq.
Austin D. Kim, Esq.
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: cjm@msf-law.com
adk@msf-law.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of May, 2024, I caused the foregoing to be filed and served on all appearing parties in this Adversary Proceeding via the Court's Electronic Case Filing System.

By: */s/ Christopher J. Major*
Christopher J. Major, Esq.