**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br>   Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM) |
| LUC A. DESPINS, Chapter 11 Trustee,<br>   Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., HING CHI NGOK, ALEX HADJICHARALAMBOUS, BERNARDO ENRIQUEZ, CHUNGUANG HAN, AND MEI GUO,<br>   Defendants. | Adv. Pro. No. 24-05057 (JAM)<br><br>July 15, 2024 |

**DEFENDANT BERNARDO ENRIQUEZ'S MOTION TO DISMISS THE COMPLAINT AND ACCOMPANYING MEMORANDUM OF LAW**

VERRILL DANA LLP
355 Riverside Avenue, Floor 3
Westport, CT 06880
(203) 222-0885


SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2600

Enriquez respectfully requests that the Court set this motion for oral argument.

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

BACKGROUND ....................................................................................................................... 2

LEGAL STANDARDS ............................................................................................................. 3

ARGUMENT ............................................................................................................................. 4

   I.   THE TRUSTEE LACKS STANDING TO ASSERT CLAIMS OF
       NON-DEBTOR ENTITIES ........................................................................................... 5

      a.  The Trustee Has Not Substantively Consolidated the Non-Debtor
         Entities with the Debtor's Estate ............................................................................ 5

      b.  Alter Ego Liability Is Not Equivalent to Substantive Consolidation ................... 6

      c.  Neither Alter Ego Liability Nor Substantive Consolidation
         Empowers the Trustee to Claim the Non-Debtor Entities' Property
         Belonged to the Debtor .......................................................................................... 8

   II.  THE TRUSTEE FAILS TO STATE A CLAIM AGAINST ENRIQUEZ .......................... 9

CONCLUSION ........................................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................. 3, 4, 11

*Atuahene v. City of Hartford*,
    10 F. App'x 33 (2d Cir. 2001) ............................................................................................ 11

*Bonded Fin. Servs., Inc. v. Eur. Am. Bank*,
    838 F.2d 890 (7th Cir. 1988) ............................................................................................ 10

*Caplin v. Marine Midland Grace Tr. Co.*,
    406 U.S. 416 (1972) ............................................................................................................ 4

*Costantini v. Deutsche Bank Nat'l Tr.*,
    No. 3:21-cv-100, 2022 WL 541506 (D. Conn. Feb. 23, 2022) ........................................... 3

*In re Am. HomePatient, Inc.*,
    301 B.R. 713 (Bankr. M.D. Tenn. 2003) ............................................................................ 8

*In re Augie/Restivo Baking Co., Ltd.*,
    860 F.2d 515 (2d Cir. 1988) ............................................................................................... 5

*In re Auto-Train Corp., Inc.*,
    810 F.2d 270 (D.C. Cir. 1987) ............................................................................................ 9

*In re Bauman*,
    535 B.R. 289 (Bankr. C.D. Ill. 2015) .................................................................................. 8

*In re Caires*,
    No. 19-50934, 2021 WL 5173335 (Bankr. D. Conn. Nov. 3, 2021) ............................. 3, 4, 11

*In re Dehon, Inc.*,
    Nos. 02-41045, 04-04286, 2004 WL 2181669 (Bankr. D. Mass. Sept. 24, 2004) .............. 8

*In re Dreier LLP*,
    452 B.R. 451 (Bankr. S.D.N.Y. 2011) ......................................................................... 10, 11

*In re Enron Creditors Recovery Corp.*,
    407 B.R. 17 (Bankr. S.D.N.Y. 2009) ................................................................................ 10

*In re Extended Stay, Inc.*,
    No. 09-13764, 2020 WL 10762310 (Bankr. S.D.N.Y. Aug. 8, 2020) ............................. 5, 8

*In re Howland*,
    518 B.R. 408 (Bankr. E.D. Ky. 2014) ................................................................................ 8

*In re Howland*,
    674 Fed. App'x 482 (6th Cir. 2017) ....................................................................... 5, 6, 7, 8

*In re Int'l Mgmt. Assoc.*,
    399 F.3d 1288 (11th Cir. 2005) ........................................................................................ 10

*In re Lehman Bros. Inc.*,
    617 B.R. 231 (Bankr. S.D.N.Y. 2020) ................................................................................ 3

*In re Murray Indus., Inc.*,
    125 B.R. 314 (M.D. Fla. 1991) .......................................................................................... 9

*In re Owens Corning*,
    419 F.3d 195 (3d Cir. 2005) ............................................................................................... 5

*In re R.H.N Realty Corp.*,
    84 B.R. 356 (Bankr. S.D.N.Y. 1988) ............................................................................. 6, 8

*In re Royal Bus. Sch., Inc.*,
    157 B.R. 932 (Bankr. E.D.N.Y. 1993) ............................................................................... 4

*In re Sabine Oil & Gas Corp.*,
    555 B.R. 180 (Bankr. S.D.N.Y. 2016) ................................................................................ 5

*In re Servicom, LLC*,
    Adv. Pro. Nos. 19-3005, 19-3006, 2021 WL 825155 (Bankr. D. Conn. Feb. 24, 2021) ............ 7

*In re SK Foods, LP*,
    499 B.R. 809 (Bankr. E.D. Cal. 2013) ............................................................................... 8

*In re Verestar, Inc.*,
    343 B.R. 444 (Bankr. S.D.N.Y. 2006) ................................................................................ 5

*Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    531 B.R. 439 (Bankr. S.D.N.Y. 2015) .............................................................................. 10

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ............................................................................................................ 3

*Manichaean Cap., LLC v. Exela Techs., Inc.*,
    251 A.3d 694 (Del. Ch. 2021) ............................................................................................ 7

*Morrison v. Nat'l Austl. Bank Ltd.*,
    547 F.3d 167 (2d Cir. 2009) ............................................................................................... 3

*Pavers & Road Builders Dist. Council Welfare Fund v. Core Contracting of N.Y., LLC*,
  536 B.R. 48 (Bankr. E.D.N.Y. 2015) .................................................................................. 5

*Shearson Lehman Hutton, Inc. v. Wagoner*,
  944 F.2d 114 (2d Cir. 1991) .......................................................................................... 3, 4

*Situ v. O'Neill*,
  124 F. Supp. 3d 34 (D.P.R. 2015) ...................................................................................... 7

*Sky Cable, LLC v. DIRECTV, Inc.*,
  886 F.3d 375 (4th Cir. 2018) ............................................................................................. 7

*Trs. of the Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*,
  843 F.3d 561 (2d Cir. 2016) .............................................................................................. 2

*United States v. JG-24, Inc.*,
  331 F. Supp. 2d 14 (D.P.R. 2004) ..................................................................................... 7

*Universitas Educ., LLC v. Benistar*,
  No. 3:20-cv-00738, 2021 WL 965794 (D. Conn. Mar. 15, 2021) ..................................... 7

*Weber v. U.S. Sterling Sec., Inc.*,
  282 Conn. 722 (2007) ........................................................................................................ 7

**Statutes**

11 U.S.C. §§ 544 ....................................................................................................................... 4

11 U.S.C. § 548(a)(1) ................................................................................................................ 4

11 U.S.C. § 549(a) .................................................................................................................... 4

11 U.S.C. § 550(a) ........................................................................................................... 4, 9, 10

**Rules**

Fed. R. Bankr. P. 7012 .............................................................................................................. 3

Fed. R. Civ. P. 8(a) ................................................................................................................. 11

Fed. R. Civ. P. 12(b)(1) ..................................................................................................... 1, 3, 4

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 1, 3, 4, 9

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), Defendant Bernardo Enriquez ("Enriquez") hereby moves to dismiss the Complaint of Luc A. Despins, Chapter 11 Trustee ("Trustee") for the debtor Ho Wan Kwok ("Debtor") and submits the following memorandum of law in support.

## PRELIMINARY STATEMENT

In this Adversary Proceeding, the Trustee seeks to avoid and recover transfers to Amazon.com, Inc. ("Amazon") from Enriquez. Such attempt must fail because the Trustee lacks standing to pursue its claims and because the Trustee fails to state a claim against Enriquez.

First, the Trustee seeks to circumvent constitutional standing requirements and applicable bankruptcy and state law to retroactively conflate various nonparty non-debtor entities with the Debtor in order to transform non-debtor property into estate property. The Trustee has not alleged or established any viable basis for seeking non-debtor assets from Enriquez, and it is clear that the Trustee lacks standing to pursue his claims. The Court should dismiss this Adversary Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(1).

Second, the Trustee claims that a debit card in Enriquez's name was used to effectuate *some* of the contested transfers to Amazon, but the Trustee fails to allege any facts supporting its conclusory statement that Enriquez was an individual for whose benefit the transfer was made. Indeed, the Trustee does not even allege whether the payments connected to Enriquez were pre-petition or post-petition. The Trustee's inadequate factual allegations and conclusory assertions undoubtedly fail to state a claim upon which relief can be granted against Enriquez. The Court should dismiss this Adversary Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6).

1

**BACKGROUND**[1]

The Trustee initiated this adversary proceeding to avoid and recover payments allegedly made to Amazon by non-debtor entities in the amounts of $289,429.23 (prior to the Debtor's Chapter 11 petition) and $198,987.57 (following the Debtor's Chapter 11 petition). Compl. ¶¶ 2, 4. Those payments were allegedly made by one or more non-debtor entities: Greenwich Land, LLC ("Greenwich"), G Club Operations LLC ("G Club"), HCHK Technologies Inc. ("HCHK"), Lexington Property/Anthony DiBattisa ("Lexington"), and/or Golden Spring (New York) Limited ("Golden Spring," and together with the other transferor entities, "Non-Debtor Entities"). *Id.*

The Trustee alleges that the Non-Debtor Entities are shell companies controlled by the Debtor and are used to defraud creditors. *E.g., id.* ¶¶ 20-22. The Trustee alleges that debit cards funded by the Non-Debtor Entities were issued to certain individuals, including Enriquez (together with the other non-Amazon defendants, "Individual Defendants"). *Id.* ¶ 40. The Trustee alleges that the payments at issue in this case were made to Amazon "in part" through those debit cards. *Id.* ¶¶ 2, 4, 43.

The Trustee purports to connect Enriquez to $112,599.86 in transfers. *Id.* ¶ 77. The Complaint is silent, however, as to when, how, or why those payments were made to Amazon, and the Trustee fails even to allege what products were purchased from Amazon or whether Enriquez received such products.[2] Notwithstanding the absence of these crucial details, the Trustee asserts in a conclusory manner that these payments were "fraudulent" or unauthorized "postpetition transfers," and that Enriquez and the other Individual Defendants "were the parties for whose

---

[1] Enriquez accepts the Complaint's factual allegations as true solely for purposes of this motion to dismiss. *Trs. of the Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016) (citation omitted).
[2] Enriquez presumes that some details regarding the purported transfers are contained in the sealed schedules, but because he has not seen these schedules, he presently has no ability to respond to allegations of any such transfers. *See id.* ¶¶ 44-45.

2

benefit the . . . [t]ransfers were made." *Id.* ¶¶ 3, 5, 76. Based on this theory, the Trustee seeks to recover the transfers to Amazon from Enriquez. *See id.* ¶¶ 76-78.

## LEGAL STANDARDS

Rule 12 motions are available in bankruptcy adversary proceedings. Fed. R. Bankr. P. 7012; *In re Lehman Bros. Inc.*, 617 B.R. 231, 239 (Bankr. S.D.N.Y. 2020).

"Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Costantini v. Deutsche Bank Nat'l Tr.*, No. 3:21-cv-100, 2022 WL 541506, at *3 (D. Conn. Feb. 23, 2022) (quoting *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2009)). "[S]tanding is an essential part of the case-or-controversy requirement of Article III . . . ." *Id.* (first alteration in original) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)); *see Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 117 (2d Cir. 1991) ("[S]tanding . . . is a threshold issue in all cases since putative plaintiffs lacking standing are not entitled to have their claims litigated in federal court.").

"To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Caires*, No. 19-50934, 2021 WL 5173335, at *1 (Bankr. D. Conn. Nov. 3, 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). The complaint "cannot merely recite the elements of a cause of action or 'tender[] naked assertion[s] devoid of further factual enhancement.'" *Id.* (alterations in original) (quoting *Iqbal*, 556 U.S. at 678). "A claim is facially plausible when the plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at *2 (quoting *Iqbal*, 556 U.S. at 678). This inquiry is "context specific and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

**ARGUMENT**

The Trustee asserts a single claim against Enriquez, in which the Trustee seeks to recover the transfers to Amazon under Bankruptcy Code § 550(a). Compl. ¶¶ 76-78. The Trustee's claim against Enriquez should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because the Trustee lacks standing to bring the claim, or alternatively pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Trustee fails to state a claim.

I. **THE TRUSTEE LACKS STANDING TO ASSERT CLAIMS OF NON-DEBTOR ENTITIES**

As the Trustee alleges in the Complaint, the Individual Defendants, through funding owned by the Non-Debtor Entities, *not the Debtor*, made *some* of the contested payments to Amazon. *See, e.g.*, Compl. ¶ 43. The Trustee's case is a nonstarter because the Bankruptcy Code only authorizes a trustee to avoid transfers of a *debtor's* or its estate's property, *see* 11 U.S.C. §§ 544 ("The trustee . . . may avoid any transfer of property of the debtor . . . ."); *id.* § 548(a)(1) ("The trustee may avoid any transfer . . . of an interest of the debtor . . . ."); *id.* § 549(a) ("[T]he trustee may avoid a transfer of property of the estate . . . ."), and the Trustee lacks standing to assert claims of non-debtors, *see Wagoner*, 944 F.2d at 118 ("It is well settled that a bankruptcy trustee has no standing generally to sue third parties on behalf of the estate's creditors, but may only assert claims held by the bankrupt corporation itself." (citing *Caplin v. Marine Midland Grace Tr. Co.*, 406 U.S. 416, 434 (1972)); *In re Royal Bus. Sch., Inc.* 157 B.R. 932, 941-42 (Bankr. E.D.N.Y. 1993) ("[T]he trustee succeeds to no greater interest than that held by the debtor at the time the bankruptcy petition is filed." (citation omitted)). Given that the Non-Debtor Entities are not debtors with corresponding bankruptcy estates, the Trustee lacks standing to pursue claims on their behalf. *See Pavers & Road Builders Dist. Council Welfare Fund v. Core Contracting of N.Y., LLC*, 536 B.R.

48, 51 (Bankr. E.D.N.Y. 2015) ("Just because two entities are alter egos does not make them both debtors under the Bankruptcy Code." (emphasis omitted)).

### a. The Trustee Has Not Substantively Consolidated the Non-Debtor Entities with the Debtor's Estate

To be able to assert claims of the Non-Debtor Entities, the Trustee would need to substantively consolidate those entities with the Debtor. *See, e.g.*, *In re Howland*, 674 Fed. App'x 482, 488 (6th Cir. 2017) ("[S]everal courts have held that substantive consolidation allows a trustee to bring avoidance claims involving transfers by the consolidated non-debtor entity . . . ."); *In re Owens Corning*, 419 F.3d 195, 205 (3d Cir. 2005) (observing that substantive consolidation "treats separate legal entities as if they were merged into a single survivor left with all the cumulative assets and liabilities . . . ."); *In re Extended Stay, Inc.*, No. 09-13764, 2020 WL 10762310, at *52 (Bankr. S.D.N.Y. Aug. 8, 2020) ("[C]ourts have found that substantive consolidation can confer standing on a trustee for purposes of satisfying the elements for the avoidance of fraudulent transfers." (citations omitted)).

Here, the Trustee has not sought substantive consolidation of the Non-Debtor Entities with the Debtor. *See In re Sabine Oil & Gas Corp.*, 555 B.R. 180, 317-18 (Bankr. S.D.N.Y. 2016) (rejecting arguments based on "de facto" substantive consolidation where trustee had not sought substantive consolidation). The Complaint's allegations do not suggest that it is appropriate to substantively consolidate any of the Non-Debtor Entities, let alone all of them. *See In re Augie/Restivo Baking Co., Ltd.*, 860 F.2d 515, 518 (2d Cir. 1988) (listing considerations for substantive consolidation and noting that it should "be used sparingly" (citations omitted)); *In re Verestar, Inc.*, 343 B.R. 444, 462-63 (Bankr. S.D.N.Y. 2006) (observing that substantive consolidation "is a remedy that is used 'sparingly' and with caution," and holding complaint's "bald" allegations were insufficient to state claim for substantive consolidation (citations omitted)).

5

### b. Alter Ego Liability Is Not Equivalent to Substantive Consolidation

The Trustee cannot circumvent the stringent requirements of substantive consolidation by claiming that property belonging to Non-Debtor Entities constitutes pre-petition property of the Debtor merely because the former are alleged to be alter egos of the latter. *See, e.g.*, Compl. ¶¶ 2, 4, 20; *In re R.H.N Realty Corp.*, 84 B.R. 356, 360 (Bankr. S.D.N.Y. 1988) (holding trustee lacked standing to sue nondebtor third parties under theory of alter ego liability (citations omitted)).

Even if all the Non-Debtor Entities were alter egos of the Debtor, which the Trustee concedes has not been established as to each of the Non-Debtor Entities, *see* Compl. ¶ 20 n.4, their assets would still not be part of the Debtor's estate. *In re Howland*, which involved a trustee seeking to assert fraudulent conveyance claims of non-debtors, is directly on point. 674 Fed. App'x at 486. There, the Sixth Circuit surveyed national caselaw addressing whether a litigant may use veil piercing to consolidate a debtor and its alter ego, and it found that "the cases fall into two camps." *Id.* The first applies the "identity" doctrine, under which corporate veil piercing "expands the debtor's estate to include the property of its alter ego," whereas the second "employs veil piercing as a form of vicarious liability, shifting liability from the debtor to its alter ego." *Id.* (citations omitted). The latter approach "does not create assets for or in the [debtor] corporation. It simply fastens liability upon the [alter ego] individual . . . ." *Id.* (citations omitted).

State law applicable to each of the Non-Debtor Entities fall squarely within the second "camp."[3] For the Delaware Non-Debtor Entities, "reverse veil-piercing involves the imposition of

---

[3] The Court applies the laws of the state in which a limited liability company is incorporated. *See Universitas Educ., LLC v. Benistar*, No. 3:20-cv-00738, 2021 WL 965794, at *7 (D. Conn. Mar. 15, 2021) (quoting *Weber v. U.S. Sterling Sec., Inc.*, 282 Conn. 722, 730 (2007)); *In re Servicom, LLC*, Adv. Pro. Nos. 19-3005, 19-3006, 2021 WL 825155, at *11-12 (Bankr. D. Conn. Feb. 24, 2021) (applying laws of state of incorporation to veil piercing and alter ego theories). Greenwich, HCHK, Lexington, and Golden Spring are Delaware entities, and G Club is a Puerto Rican entity. *See* Adv. Proc. No. 24-05275, Dkt. No. 1 at ¶¶ 11-13, 15, 19.

liability on a business organization for the liabilities of its owners." *Manichaean Cap., LLC v. Exela Techs., Inc.*, 251 A.3d 694, 710 (Del. Ch. 2021) (citations omitted). Even outsider reverse veil-piercing means only that "an outside third party, frequently a creditor, urges a court to render a company liable on a judgment against its member." *Id.* (quoting *Sky Cable, LLC v. DIRECTV, Inc.*, 886 F.3d 375, 385 (4th Cir. 2018)). In other words, Delaware applies alter ego liability as a form of vicarious liability, so an alter ego entity's assets do not become the debtor's. The same is true for the Non-Debtor Entity organized under Puerto Rican law. *See, e.g.*, *United States v. JG-24, Inc.*, 331 F. Supp. 2d 14, 63 (D.P.R. 2004) ("A person who is the alter ego of a corporation, or the individual behind the corporate veil when pierced, is also personally liable for the corporation's liabilities."), *aff'd*, 478 F.3d 28 (1st Cir. 2007); *Situ v. O'Neill*, 124 F. Supp. 3d 34, 54 (D.P.R. 2015) (same). Accordingly, even if the Non-Debtor Entities are deemed vicariously liable for the Debtor's debts, they are not deemed to be the Debtor, and their assets remain distinct.

Moreover, none of the states under which the Non-Debtor Entities are organized recognize a substantive consolidation remedy, which is available only under bankruptcy law, and which, as discussed above, the Trustee has not met the requirements to obtain. *See Howland*, 674 Fed. App'x at 487-88 ("Although similar in some ways to veil piercing, substantive consolidation is a distinct concept unique to bankruptcy law." (citations omitted)); *Extended Stay*, 2020 WL 10762310, at *42 ("Substantive consolidation stems from a bankruptcy court's equitable powers and is a remedy unique to bankruptcy, and indeed, does not exist outside of it." (citations omitted)); *In re Bauman*, 535 B.R. 289, 295 (Bankr. C.D. Ill. 2015) ("Though [substantive consolidation] bears resemblance to the alter ego doctrine it is not a matter of state law, but a unique alternative only available in bankruptcy courts." (citations omitted)).

### c. Neither Alter Ego Liability Nor Substantive Consolidation Empowers the Trustee to Claim the Non-Debtor Entities' Property Belonged to the Debtor

As explained above, neither state law governing alter ego liability nor bankruptcy law governing substantive consolidation supports the Trustee's theory that "property of the Debtor's alter egos … was at all times prior to the Petition Date property of the Debtor." Compl. ¶ 31.

Even if there were any merit to the Trustee's theory, which there is not, the Court should reject the Trustee's attempt to apply such findings retroactively. *See In re R.H.N. Realty Corp.*, 84 B.R. 356, 358-59 (Bankr. S.D.N.Y. 1988) (rejecting request to amend bankruptcy petition *nunc pro tunc* to add alleged alter ego entities as additional debtors and holding the court lacked jurisdiction over claims against alleged alter egos). As for bankruptcy law, even where courts allow *nunc pro tunc* substantive consolidation, the effective date is the petition date. *See, e.g.*, *In re SK Foods, LP*, 499 B.R. 809, 844 (Bankr. E.D. Cal. 2013); *In re Dehon, Inc.*, Nos. 02-41045, 04-04286, 2004 WL 2181669, at *6 (Bankr. D. Mass. Sept. 24, 2004); *In re Am. HomePatient, Inc.*, 301 B.R. 713, 721 (Bankr. M.D. Tenn. 2003); *see also In re Howland*, 518 B.R. 408, 414 (Bankr. E.D. Ky. 2014) ("No Sixth Circuit or other authority was found allowing substantive consolidation *nunc pro tunc* to a prepetition date and such action is too extreme in this circumstance without clear guidance."), *aff'd*, 674 Fed. App'x 482 (6th Cir. 2017).

The law simply does not allow the Trustee to pick and choose at his leisure whichever date a payment is made by a Non-Debtor Entity to posit that, as of that date, that Non-Debtor Entity's property is actually the Debtor's property. *See In re Auto-Train Corp., Inc.*, 810 F.2d 270, 275 (D.C. Cir. 1987) (observing that *nunc pro tunc* relief is appropriate only when it "will not prejudice any party or frustrate the purposes of the Bankruptcy Code" (citation omitted)); *In re Murray Indus., Inc.*, 125 B.R. 314, 317 (M.D. Fla. 1991) ("It would certainly be a violation of due process

8

if the order of substantive consolidation would operate to destroy defenses and rights which existed prior to the entry of the order of substantive consolidation.").

Because the Trustee has not established that either alter ego liability or substantive consolidation is available, and especially not retroactively, the Trustee lacks standing and the Court should dismiss this Adversary Proceeding.

## II.    THE TRUSTEE FAILS TO STATE A CLAIM AGAINST ENRIQUEZ

Should the Court conclude the Trustee has standing to pursue this action, which it should not, the Court should still dismiss the case against Enriquez because the Trustee fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

The Trustee seeks to recover transfers made by the Non-Debtor Entities to Amazon from the Individual Defendants, including Enriquez, as "parties for whose benefit the . . . [t]ransfers were made." Compl. ¶ 76; see 11 U.S.C. § 550(a) ("[T]he trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from -- (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made . . . .").

"[T]o establish liability for a transferee for whose benefit the transfer was made, '[t]he benefit must be "direct, ascertainable and quantifiable" and must correspond to, or be commensurate with, the value of the property that was transferred.'" *In re Dreier LLP*, 452 B.R. 451, 466 (Bankr. S.D.N.Y. 2011) (quoting *In re Enron Creditors Recovery Corp.*, 407 B.R. 17, 33 (Bankr. S.D.N.Y. 2009)). "Incidental, unquantifiable, or remote" allegations of a benefit do not suffice. *Id.* (quoting *Enron*, 407 B.R. at 33). "The paradigm 'entity for whose benefit such transfer was made' is a guarantor or debtor[—]someone who receives the benefit but not the money." *Sec.*

9

*Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 531 B.R. 439, 474 (Bankr. S.D.N.Y. 2015) (quoting *Bonded Fin. Servs., Inc. v. Eur. Am. Bank*, 838 F.2d 890, 895 (7th Cir. 1988)).

The Trustee fails to allege facts supporting any aspect of a claim under § 550(a) against Enriquez. At most, the Trustee alleges a Non-Debtor Entity issued him a debit card—funded with assets owned by the Non-Debtor Entity—and the debit card was then used to effectuate *some* of the disputed transfers to Amazon. Compl. ¶¶ 40, 43. Even assuming Enriquez did make the contested transfers using a Non-Debtor Entity-issued debit card, his purported control over a Non-Debtor Entity's assets does not establish that the alleged transfers were for his benefit. *See Dreier* 452 B.R. at 466 ("[T]he fact that [the] recipient of transfers 'attained complete control over the debtors' assets does not give rise to a quantifiable benefit or one bearing the 'necessary correspondence to the value of the property transferred or received.'" (quoting *In re Int'l Mgmt. Assoc.*, 399 F.3d 1288, 1293 (11th Cir. 2005))). Nor are there any factual allegations suggesting Enriquez was himself a "guarantor or debtor"—the "paradigm" situation in which liability under § 550(a)(1) attaches. *See Sec. Inv. Prot. Corp.*, 531 B.R. at 474 (citation omitted).

Moreover, as highlighted in the Background Section, *supra*, the Trustee fails even to allege the benefit Enriquez allegedly received or any facts suggesting that he was the person for whose benefit the transfers were made. There are simply no allegations indicating the purpose of the transfers to Amazon, whether Enriquez received any Amazon products or services, or whether such products or services "corresponde[d] to the value of the property transferred." *See Dreier*, 452 B.R. at 466 (dismissing complaint for failure to allege sufficient facts, even though purported beneficiary of transfers was investment manager who had executed contested transaction documents).

10

Instead of these necessary factual allegations, the Complaint consists almost exclusively of conclusory statements and legal conclusions. *See, e.g.*, Compl. ¶¶ 41, 44-47, 76-78. For example, the Trustee simply asserts that the Individual Defendants "were the parties for whose benefit the . . . [t]ransfers were made." *Id.* ¶ 76. There can be no doubt that such allegations fail to meet the pleading standards. *See* Fed. R. Civ. P. 8(a); *Caires*, 2021 WL 5173335, at *1 (observing that complaint "cannot merely recite the elements of a cause of action or 'tender[] naked assertion[s] devoid of further factual enhancement'" (alterations in original) (quoting *Iqbal*, 556 U.S. at 678)).[4]

Because the Trustee fails to allege any factual allegations regarding the benefits Enriquez received or suggesting that Enriquez was the entity for whose benefit the transfer was made, the Trustee fails to state a claim upon which relief can be granted and the Court should dismiss this Adversary Proceeding.

## CONCLUSION

For the foregoing reasons, Enriquez respectfully requests that the Court dismiss this Adversary Proceeding against him.

*[Remainder of page intentionally left blank.]*

---

[4] Nor does the Trustee's group pleading against the Individual Defendants as a collective suffice. *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (holding that a complaint that "lump[s] all the defendants together . . . and provid[es] no factual basis to distinguish their conduct" does not satisfy the minimum pleading standards).

Dated:  New York, New York
 July 15, 2024

**VERRILL DANA LLP**

By: */s/ Calvin K. Woo*
Calvin K. Woo, ct24497
355 Riverside Avenue, Floor 3
Westport, CT 06880
(203) 222-0885
Email: cwoo@verrill-law.com

**SHER TREMONTE LLP**

By: */s/ Noam Biale*
Noam Biale, *application for admission forthcoming*
90 Broad Street, 23rd Floor
New York, New York 10004
Tel: (212)202-2600
Email: nbiale@shertremonte.com

*Counsel for Defendant Bernardo Enriquez*

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2024, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

<u>/s/ *Calvin K. Woo*</u>
Calvin K. Woo, ct24497
355 Riverside Avenue, Floor 3
Westport, CT 06880
(203) 222-0885
Email: cwoo@verrill-law.com